POLLIE A. DOUGLASS, EXECUTRIX OF MILEY JONES, ET AL. v. GUY DAWSON, D. N. NEWSOME, J. E. MAY, W. D. COBB, JOHN R. WOOTEN, H. W. BROTHERS, D. W. WOOD, J. R. MARVIN AND J. E. JONES.

(Filed 12 November, 1925.)

**1. Banks and Banking—Receivers—Actions—Parties.**

Upon the appointment of a receiver of a banking institution of this State, under the statute, whether voluntary or by act of the Corporation Commission, the title to all of its assets vests in the receiver to be administered for the benefit of its depositors, etc., alike, and where the directors are individually sued for having published false statements as

to its solvency, and in the bank's report to the Corporation Commission, without alleging any damage peculiar to himself therefrom, as distinguished from a loss among the creditors generally, the action is maintainable only by the receiver or upon his refusal to so act upon application. C. S., Vol. III, secs. 218(a), 218(c), 219(a), C. S., 1210.

**2. Same—Pleadings—Demurrer.**

Where a complaint against the directors or officers of a bank in the receiver's hands under our statute, alleges that they by their acts of omission or commission have authorized the making of false reports or advertisements of the solvency of the bank, etc., and thereby caused loss to depositors or creditors, and no special circumstance is alleged to show that the plaintiff has been peculiarly damaged by false representations made to him personally, or that the receiver has been asked and refused to act, a demurrer to its sufficiency of allegation to constitute a cause of action will be sustained.

APPEAL by plaintiff from judgment of Superior Court of CRAVEN, February Term, 1925, *Barnhill, J.,* presiding. Affirmed.

Action to recover of defendants, directors of the Farmers' Bank & Trust Company, damages for loss of the sum of $1,400, deposited by Miley Jones with said company and lost by reason of its insolvency alleged to have been caused by the negligence and wrongful acts of defendants. Defendants demurred to the complaint. From judgment sustaining the demurrer, plaintiffs appealed.

*Ward & Ward for plaintiffs.*
*Rouse & Rouse for defendants.*

CONNOR, J. The facts as alleged in the complaint are as follows: The Farmers' Bank & Trust Company is a corporation, organized under the laws of North Carolina. Prior to 16 December, 1920, said company was engaged in the banking business at LaGrange, N. C. On 24 September, 1920, said company issued to Miley Jones, a certificate of deposit for the sum of $1,400 in renewal of a certificate for said sum issued to her prior to said date. On 16 December, 1920, the said Miley Jones transferred and assigned said certificate to plaintiffs, A. D. Ward and W. F. Ward, to secure certain liabilities which they had assumed for her. Miley Jones died on 20 June, 1922, and plaintiff, Pollie A. Douglass, has duly qualified as executrix of her last will and testament.

Defendants were on 16 December, 1920, and had been for some years prior thereto, directors of the Farmers' Bank & Trust Company. The said company is now in process of liquidation, with all its assets in the hands of a permanent receiver appointed on 16 December, 1920. These assets, including all sums that may be realized by the receiver from

an assessment of 100 per cent, made upon the stockholders of said company, will not be sufficient to enable the receiver to pay any substantial dividend upon the claims of unsecured creditors and depositors. The company is wholly insolvent. No dividend has been .paid upon the certificate of deposit issued to Miley Jones; there are no assets of said company available for payment of dividends of any appreciable amounts upon same by the receiver.

Plaintiffs allege that said company became and was insolvent as the result of the failure of defendants to perform the duties imposed upon them as directors of said company by its by-laws, rules and regulations, and by the laws of the State of North Carolina; that it was the duty of said directors to actively manage and superintend the business of said company; to examine regularly the discount book of said company, containing a statement of all loans, to whom made, the securities taken therefor, and when due; to appoint periodically a committee of the board of directors to examine the books of said company and to report to the board of directors; to investigate and examine the liabilities of said. company for borrowed money, and the collaterals hypothecated to secure said liabilities; and also to make, from time to time, true reports to the Corporation Commission of North Carolina, showing the assets and liabilities of said company, and to cause statements of the true condition of said company to be published as required by statute, to the end that Miley Jones and other creditors and stockholders and customers and prospective customers of said company might know its true condition.

Plaintiffs further allege that by reason of the failure of said defendants to perform their duties as aforesaid, loans in large amounts were made by the company and its officers upon inadequate security, to insolvent persons, friends, pets and favorites of defendants and of officers of said company; that as a result of the wrongful acts, both of commission and omission, of defendants, the company became insolvent; that after the company became insolvent, defendants made annual statements to its stockholders, showing the company to be solvent, its capital stock unimpaired and its surplus intact; that defendants, while the company was insolvent, declared dividends to stockholders; that after the company became insolvent, with knowledge of such insolvency, and with intent to cheat and deceive Miley Jones and other customers, and prospective customers of said company, defendants wrongfully and fraudulently caused statements to be made to the Corporation Commission of North Carolina, and to be published in newspapers, showing the company to be solvent; that such statements were made and published for the purpose of showing the company to be solvent, and worthy of credit, and a safe banking institution;

that defendants knew at the time such statements were made and published that they were false and untrue; that Miley Jones knew that such statements had been made and published and believed that same were true; that relying on the truth of such statements, the said Miley Jones made the deposit hereinbefore referred to, taking a renewal certificate therefor on 24 September, 1920; that said Miley Jones did not know or learn of the insolvency of said company until after the appointment of the receiver on 16 December, 1920, and that by reason of the negligence and wrongful acts, and the deceit and fraud of defendants and each of them, the said Miley Jones and these plaintiffs have lost the sum of $1,400 and interest on same from 24 September, 1920.

Plaintiffs further allege that defendants knew and were required by law to know that said company was insolvent and unworthy of credit, and that with such knowledge actual or imputed by reason of their relation to said company, defendants fraudulently and with intent to deceive the public and said Miley Jones, permitted the said company to continue in business and to receive deposits and to keep the deposit of Miley Jones, who was ignorant of the true condition of said company, and who relied upon the statements made and published by defendants showing that said company was solvent and worthy of credit; and that by reason of such wrongful conduct of defendants, Miley Jones and the plaintiffs have lost the sum of $1,400 and interest on same from 24 September, 1920.

Plaintiffs further allege that the defendants negligently and fraudulently, with intent to deceive and mislead the said Miley Jones and the public, permitted standing advertisements to be published, falsely setting forth the solvency of said company, with the purpose of inducing Miley Jones and the public in general to deposit and keep on deposit money with said company; that at the time such statements were made and published, the company was insolvent, as defendants well knew or ought to have known; and that Miley Jones, relying upon the truth of such statements, made in the advertisements as aforesaid, made and kept said sum on deposit with said company and thereby the said Miley Jones and the plaintiffs lost the sum of $1,400 and interest from 24 September, 1920.

Defendants demurred to the complaint on the following grounds:

1. That this action is premature in that the law prescribes the procedure which the receiver shall follow in winding up insolvent corporations and enforcing liability, if any, against the stockholders, officers and directors and that plaintiffs do not allege that these statutes have been complied with.

2. That the cause of action, if any, against the defendants is vested in John G. Dawson, receiver of the Farmers' Bank & Trust Company, and that it does not appear from the complaint that demand has been made upon the said receiver to institute the action, and that the said receiver has wilfully and wrongfully refused to institute said action.

3. That the complaint does not state facts sufficient to constitute a cause of action against the defendants.

The procedure for the voluntary liquidation and dissolution of a corporation, organized and engaged in the business of banking under the laws of North Carolina is prescribed by statute. Such dissolution may be had upon the affirmative vote of stockholders owning two-thirds of its stock, taken at a meeting of stockholders called for that purpose by resolution of the board of directors. No such dissolution may be had, however, without the approval of the Corporation Commission, whose approval shall not be given until the said commission is satisfied that provision has been made to satisfy and pay off depositors and creditors of said corporation. During the process of voluntary liquidation, for the purpose of dissolution, the corporation shall be subject to examination by the Corporation Commission and shall furnish such reports from time to time as may be called for by the Corporation Commission. Public Laws 1921, chap. 4, sec. 15; C. S., vol. III, 218 (a). The procedure is similar to that prescribed for the voluntary dissolution of a National bank. R. S., 5220 et seq., U. S. Comp. Stat., 9806 et seq.

The procedure for the involuntary liquidation of such corporation is also prescribed by statute. If the Corporation Commission shall, at any time, find that such corporation is insolvent, or if such corporation shall neglect or refuse to obey or comply with any order made by the Corporation Commission, in the exercise of powers vested in said commission by law, the Corporation Commission shall have authority to take charge of such corporation, and if upon investigation it appears to be to the interest of creditors, depositors and stockholders that a receiver should be appointed, it may apply to the court for the appointment of a competent person as receiver for said corporation. When such receiver has been appointed and has qualified, he shall, under the direction of the court, take possession of the books, moneys, records, and assets of every description of such corporation, and collect all debts, dues and claims belonging to it. If necessary to pay the debts of the corporation, the receiver may enforce the individual liabilities of its stockholders by suits for that purpose in the name of such receiver. Such corporation while it is being operated or liquidated under a receivership, shall remain subject to examination and supervision by the Corporation Com-

mission. Public Laws 1921, ch. 4, sec. 17. C. S., vol. III, 218 (c). For provisions in the National Bank Act, relative to appointment of receivers, see U. S. Comp. Stat., 9821, 9826.

The rights of creditors, depositors and stockholders of a corporation, engaged in the banking business, under the laws of this State, upon its dissolution, whether voluntary, at the instance of directors and stockholders, or involuntary, upon the application of the Corporation Commission, to have all the assets of the corporation administered for their benefit and applied in satisfaction of their claims upon or interests in said assets are thus protected by statute. In the event of a voluntary dissolution, upon the approval of the Corporation Commission, all claims of creditors and depositors must be fully satisfied and paid off. As such dissolution can be had only upon the action of stockholders, no requirement is found in the statutes for their protection other than that the liquidation shall be under the supervision of the Corporation Commission. After the payment of all claims of creditors and depositors, the remaining assets belong to the stockholders. In the event of an involuntary dissolution which can be had only because of the insolvency of the corporation, or because of its neglect or refusal to obey or comply with a lawful order of the Corporation Commission, all the assets of the corporation, including amounts assessed against stockholders, pursuant to statute making them individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of the corporation, to the extent of the amount of their stock at par value (C. S., vol. III, 219 (a) pass to and vest in the receiver. After the payment of all expenses incurred by the receivership, the entire assets must be applied by the receiver to the payment of dividends upon the claims of creditors and depositors, and the surplus, if any, distributed among the stockholders. The manifest purpose of these statutory provisions is to secure a just and equitable distribution of all the assets of the corporation, upon its dissolution, among all who have claims upon or interests in said assets, in accordance with their respective priorities. To accomplish this just purpose and to bring about this equitable result, upon an involuntary dissolution, the title to all the assets of the corporation, under the statute, passes to and vests in the receiver, immediately upon his appointment. C. S., 1210. *Hardware Co. v. Holt,* 173 N. C., 308; *Observer Co. v. Little,* 175 N. C., 42. Actions to recover such assets must be brought and prosecuted by the receiver, in his name, as representing all the creditors as well as the corporation, in process of liquidation, or if such actions are brought by creditors or stockholders, it must be alleged in the complaint that demand was made upon the receiver to institute the action and that he has refused to comply with said demand. In an action brought by creditors, depositors

or stockholders to recover assets belonging to the corporation, the title to which has vested in the receiver, upon his refusal to bring the action the receiver may properly be made a defendant, to the end that the recovery may be subject to orders and decrees by the court, in the judgment as to its application to the claims of creditors and depositors, or to its distribution among stockholders. C. S., vol. III, 218(c), 218(e); C. S., 1210; *Besselliew v. Brown,* 177 N. C.,·65, 2 A. L. R., 862; *Pender v. Speight,* 159 N. C., 612; *Black v. Power Co.,* 158 N. C., 468; *Chemical Co. v. Floyd,* 158 N. C., 456; *Smathers v. Bank,* 135 N. C., 410; *Coble v. Beall,* 130 N. C., 533. See *Murphy v. Greensboro, ante,* 268; *Hart v. Evanson,* 3 L. R. A. (N. S.), 438 and note; *Ellis v. Gates Mercantile Co.,* 43 L. R. A. (N. S.), 982; *Union National Bank v. Hill,* 71 Am. St. Rep., 615, 7 C. J., 569.

The test, therefore, to be applied to determine whether or not, the cause of action, if any, alleged in the complaint, is vested in the receiver, and must be prosecuted by him, or may, upon his refusal, after demand, to institute the action, be maintained by creditors, depositors or stockholders, is the title or ownership of the sum, or sums, which may be recovered of defendants as damages for their negligence and wrongful acts. If the sum or sums for which defendants may be liable, and which may be recovered upon the cause of action set out in the complaint, constitute assets of the corporation, the action must be prosecuted by and in the name of the receiver, or his refusal, upon demand, must be alleged in order that a creditor, a depositor or stockholder may maintain the action.

Sums paid by stockholders of a bank or recovered of them by a receiver, on account of their statutory liability, C. S., vol. III, 219 (a), are assets of the bank, to be administered by the receiver for the benefit of all creditors and depositors of the bank. Sums which may be recovered of stockholders, directors or officers as damages for negligence in the performance of duties which they owe to the bank, or for wrongful acts which result in loss by the bank, are likewise assets of the bank. The cause of action for the recovery of such sums, upon the insolvency of the bank, vests in the receiver, as the representative of all its creditors, depositors or stockholders; the action must therefore be brought by the receiver, or if brought by creditors, depositors or stockholders, they must allege that the receiver, upon demand, has refused, or failed and neglected to institute the action. The cause of action relied upon in *McTamany v. Day,* 128 Pac., 563, is almost identical with that set up in the complaint herein. The action was dismissed. In its opinion, the Supreme Court of Idaho says, "If the bank has suffered loss in consequence of the directors' fraud, gross negligence or wilful breach of duty, after such corporation

is placed in the hands of a receiver it is the duty of the receiver, as the representative of all concerned, to proceed and collect all claims of such corporation due said bank by contract, or caused by the fraud, gross negligence, or wilful breach of duty of the officers thereof, so that whatever may be recovered may be properly distributed among all of the creditors of the bank as the law or court may direct." 7 C. J., 747, sec. 541 and cases cited. *Clark v. Union Bank,* 72 W. Va., 491, 78 S. E., 785.

In Tiffany on Banks and Banking, page 306, it is said, "Of course, where the corporation is in the hands of a receiver or assignee, as the representative of all concerned, he is the proper party to maintain an action," *i. e.,* an action to recover of officers or directors for losses sustained by the bank, resulting from their negligence and dishonesty in the management of the corporate affairs. In *Coble v. Beall,* 130 N. C., 533, *Justice Montgomery,* in the opinion for the Court, to which there was no dissent, says: "The cause of action in this case is one primarily in behalf of the corporation against the directors. The plaintiff alleges that the wrongful conduct of the defendants in the management of the corporate property affected the interest of all stockholders alike, that it was not peculiarly injurious to her individually." It is held that there was error in not sustaining the demurrer. The Court says, "The counsel for the plaintiff relied on the decisions of this Court in *Soloman v. Bates,* 118 N. C., 311, 54 Am. St., 725; *Tate v. Bates,* 118 N. C., 287, 54 Am. St., 719; *Townsend v. Williams,* 117 N. C., 330; *Houston v. Thornton,* 122 N. C., 365. There may be expressions in those opinions which, if taken in detached sentences, might seem liable to the construction put upon them by the counsel of the plaintiff; but the matter for decision in this case, to wit, the right of a stockholder individually to sue the directors of a corporation for fraudulent and wrongful mismanagement of the corporate property, without first having made a demand on the directors to bring the action, and their refusal to do so, was not the question before the Court for decision in the cases last above referred to. In the first three of those cases, the actions were brought by individual depositors against the officers of the defendants for fraudulently inducing the plaintiffs to make deposits of money in the banks of the defendants, the banks being insolvent at the time; in the last mentioned case, the plaintiff was induced to take stock in the defendant corporation by the device of circulars issued by the defendant, containing statements false and fraudulent. Those causes of action were founded upon injuries peculiar to the plaintiffs themselves, and any recovery in them could not have passed to the directors for the benefit of the corporation and indirectly for the benefit of the other depositors."

30—190

The judgment in *Russell v. Boone*, 188 N. C., 830, was affirmed, no error having been found upon appeal. This was an action in which plaintiffs, depositors in the Bank of Denton, sought to recover of the directors of said bank damages for the loss of a deposit. An examination of the complaint will disclose that it is alleged therein that defendants made false and fraudulent representations to plaintiffs, with respect to the condition of said bank at the time or shortly before the deposit was made. Defendants did not demur to the complaint. By their answer, they denied the allegations. Recovery was had and sustained for a wrong done to the plaintiffs and not primarily to the bank.

Whether the demurrer should be sustained upon the first or second ground relied upon by defendants will depend upon the correctness of defendants' contention, presented by the third ground stated in the demurrer, to wit, that the complaint does not state facts sufficient to constitute a cause of action against defendants, in favor of plaintiffs.

The loss of the deposit, as evidenced by the certificate, was caused by the insolvency of the bank. It is alleged that the insolvency of the bank was the result of the failure and neglect of defendants to perform the duties imposed upon them, as directors, by the by-laws, rules and regulations of the corporation, and by the laws of the State. These duties are alleged specifically in the complaint; the failure or neglect to perform these duties was a wrong, primarily to the corporation; damages sustained by the corporation by reason of such default or negligence by defendants were recoverable by the corporation; the claim for such damages, upon the involuntary liquidation and dissolution of the corporation passed to and vested in the receiver, as an asset for the payment of creditors and depositors and for distribution among the stockholders.

The facts alleged in the complaint do not show any wrong peculiar to plaintiffs or to Miley Jones, to whom the certificate of deposit was issued. There is no allegation that defendants or either of them made any representation to her individually as to the condition of the bank, prior to the making of the deposit, originally, or while the same was in the bank. The statements alleged to have been published, showing that the bank was solvent and worthy of credit were not made to Miley Jones alone but, as alleged in the complaint, to Miley Jones and the public. The loss which plaintiffs have sustained by reason of the insolvency of the bank, is an injury to them, in common with other creditors and depositors of the Farmers Bank & Trust Company. The facts alleged in the complaint do not constitute a cause of action against defendants upon which plaintiffs alone may recover. Sums recovered of defendants, as damages for the negligence and wrongful acts alleged in the complaint as the cause of the insolvency of the bank, would be

assets of the bank, and should be recovered by the receiver, as the representative of all who have claims upon or interest in such assets.

We do not hold that upon proper allegations a creditor, depositor or stockholder, suing in his individual right, may not recover of officers or directors or a corporation, engaged in the banking business, under the laws of this State, damages for a wrong done to him personally. The high standard of duty, which an officer or director of a bank, owes to its creditors, depositors and stockholders, as consistently maintained and rigidly enforced by this Court, in its decisions, will be upheld and enforced without modification. Damages, however, resulting from breach of official duty, whereby the bank becomes insolvent, and thus unable to pay creditors or depositors, are and should be recovered by the receiver; damages resulting from breach of duty which the officer or director owes to the creditor or depositor, individually, may properly be recovered by the creditor or depositor who has suffered a loss, peculiar to himself. The right of action, by the individual creditor, depositor or stockholder against officers or directors is not affected by the receivership, occasioned by insolvency. 7 C. J., 735. "While a stockholder may bring an action for his individual benefit against officers or directors for the breach of a duty owing to him personally, the courts will not, in order to meet what may seem to be the exigencies of a particular case, create an exception to the rule that a stockholder may not sue the officers of a corporation to make them account to him personally for property which belongs to the corporation." 14 (A) C. J., 155 and cases cited.

It should be noted that by chapter 4 of the Public Laws of 1921, the statute law of North Carolina, relative to banks, is made to conform, in many respects, to the National Bank Act. C. S., vol. III, 221(e), Public Laws 1921, ch. 4, sec. 53 is, with mere verbal changes, U. S. Comp. Stat., 9831, R. S., 5239. The civil liability of directors of a national bank who merely negligently participated in or assented to the false representation as to the bank's financial condition in official reports required by statute, made and published in conformity thereto, is discussed and decided in the opinion by *Chief Justice White* in *Yates v. Jones National Bank,* 206 U. S., 158, 51 L. Ed., 1002. See *Thomas v. Taylor,* 224 U. S., 73, 56 L. Ed., 673; *Chesborough v. Woodworth,* 244 U. S., 72, 61 L. Ed., 1000; *U. S. F. & G. Co. v. Bank,* 154 Iowa, 588, 134 N. W., 857, 45 L. R. A. (N. S.), 421.

We find no error in the judgment sustaining the demurrer to the complaint in this action. The judgment is

Affirmed.