L. H. BANE v. J. L. POWELL, A. G. SMALL, F. M. HESTER, R. C.
SADLER, D. M. THOMPSON, W. H. POWELL AND J. L. BRITTON.

(Filed 27 October, 1926.)

1. **Banks and Banking—Insolvency—Officers—Deposit Received by Offi-
   cers With Knowledge of Insolvency—Actions—Receivers—Parties—
   Statutes.**

   Where the managing officials of a bank know of its insolvency, and
   permit a deposit to be made by its customer, the assets are increased and
   not diminished, and an action will lie in behalf of the depositor against
   such officers committing the wrong without demand upon the receiver
   later appointed, or the necessity to have him bring the action, in behalf

of the wronged depositor, whose money has thus become an asset, in the receiver's hands, and not a liability of the defunct bank. *Douglass v. Dawson*, 190 N. C., 458, cited and distinguished. 3 C. S., 224(g).

**2. Same—Pleadings—Demurrer—Appeal and Error—Reversible Error.**

It is unnecessary for the complaint to have alleged a demand upon the receiver of a defunct bank, and his refusal to bring action in behalf of plaintiff, under the facts of this case, and for the trial judge to sustain a motion of nonsuit upon that ground alone, was reversible error.

APPEAL by plaintiff from *Barnhill, J.,* at August Term, 1926, of COLUMBUS. Reversed.

Action by depositor to recover of officers and directors of a bank damages resulting from loss of deposit received by the bank, when it was insolvent, upon allegation that said officers and directors knew of the insolvency of said bank, and with such knowledge permitted the bank to receive plaintiff's deposit.

From judgment sustaining demurrer, upon the ground that the complaint failed to state a cause of action, plaintiff appealed to the Supreme Court.

*Tucker & Proctor for plaintiff.*
*Powell & Lewis and Dickson McLean for defendants.*

CONNOR, J. The facts material for the decision of the question presented by this appeal, as alleged in the complaint, and admitted by the demurrer, upon the ground that they do not constitute a cause of action, in favor of plaintiff and against defendants, are as follows:

1. On 20 January, 1926, defendants were officers and directors of the Bank of Columbus, a corporation organized and doing business under the banking laws of the State of North Carolina; plaintiff on said date deposited in said bank the sum of $6,255.00.

2. On the date of said deposit, and for a long time prior thereto, during which defendants had been continuously officers and directors of said bank, the Bank of Columbus was and had been insolvent, unable to meet its obligations, and unsafe; when said bank received plaintiff's deposit, defendants, as officers and directors, knew that said bank was then and had been for a long time insolvent, unable to meet its obligations, and unsafe; with such knowledge, defendants wrongfully received or wrongfully permitted employees of the bank to receive said deposit.

3. On 29 January, 1926, the Bank of Columbus closed its doors and ceased to do business, because of its insolvency; on said date, there remained in said bank the sum of $6,041.68 of the deposit made by plaintiff on 20 January, 1926; plaintiff has demanded payment to him by

said bank of this sum; the bank has failed to pay said sum or any part thereof to plaintiff, because of its insolvency.

Plaintiff alleges that he has been damaged by the wrongful act of defendants, as alleged, in the sum of $6,041.68, and demands judgment that he recover said sum with interest from 1 February, 1926, of defendants and each of them.

On 18 March, 1926, the date of the issuance of the summons in this action, no receiver of the Bank of Columbus had been appointed; subsequently a receiver was appointed for said bank; at the time this cause came on to be heard, upon defendants' demurrer to the complaint, the said receiver was engaged in the administration of the assets of said bank. There is no allegation in the complaint that the receiver has refused to bring an action against defendants upon the cause of action set out therein, or that demand has been made upon him by plaintiff to bring such action.

The court was of opinion, as appears from the judgment sustaining the demurrer, that the complaint failed to state a cause of action in favor of plaintiff and against defendants, because it is not alleged therein that the receiver had refused to bring an action against defendants upon the cause of action set out in the complaint, or that demand had been made upon him by plaintiff to bring such action. It is stated in the briefs filed in this Court, for both plaintiff and defendants, that the Court sustained the demurrer, upon the authority of *Douglass v. Dawson,* 190 N. C., 458, 130 S. E., 195. It must be conceded that if the cause of action set out in the complaint in the instant case is identical with that set out in the complaint in *Douglass v. Dawson,* there was no error in the judgment. The demurrer in *Douglass v. Dawson* was properly sustained; no sufficient reason has been presented to cause us to question the correctness of our decision upon the appeal in that case. In the opinion in *Douglass v. Dawson,* it is said: "The test, therefore, to be applied to determine whether or not the cause of action, if any, alleged in the complaint is vested in the receiver, and must be prosecuted by him, or may, upon his refusal, after demand, to institute the action, be maintained by creditors, depositors or stockholders, is the title or ownership of the sum or sums which may be recovered of defendants as damages for their negligence or wrongful acts. If the sum or sums for which defendants may be liable, and which may be recovered upon the cause of action set out in the complaint, constitute assets of the corporation, the action must be prosecuted by and in the name of the receiver, or his refusal, upon demand, must be alleged, in order that a creditor, a depositor, or a stockholder may maintain the action."

It is not alleged in the complaint in the instant action that defendants, as its officers and directors, by their negligence or wrongful acts,

caused the bank to become, or to be, insolvent, as was the case in
Douglass v. Dawson. The bank suffered no loss by the wrongful act
of defendants, with respect to the reception of plaintiff's deposit, and
therefore has sustained no damage. The sum for which defendants
are liable in damages, upon the facts admitted by the demurrer, is not
an asset of the bank; the title or ownership of said sum was not in the
bank prior to the appointment of the receiver, and therefore did not
vest in him upon his appointment and qualification. Plaintiff's loss,
resulting from defendant's wrongful act, was the bank's gain. Its
assets, instead of being depleted, or diminished to its damage, were
increased as the result of the wrongful act of defendants. It is true
that its liabilities were also increased, but as the bank was then insolv-
ent, the result of the transaction was manifestly beneficial to the bank,
its depositors, creditors and stockholders. Defendants' act in permitting
the bank to receive plaintiff's deposit, when they knew that it was in-
solvent, was a wrong done to plaintiff, personally and individually;
plaintiff alone suffered loss, because of such wrongful act; he alone is
therefore entitled to recover damages resulting from such loss. In
Douglass v. Dawson, we said: "We do not hold that upon proper alle-
gations, a creditor, depositor or stockholder, suing in his individual
right, may not recover of officers or directors of a corporation, engaged
in the banking business, under the laws of this State, damages for a
wrong done to him personally. . . . Damages, however, resulting from
breach of official duty, whereby the bank becomes insolvent, and thus
unable to pay creditors or depositors, are and should be recoverable,
by the receiver; damages resulting from breach of duty which the offi-
cer or director owes to the creditor or depositor, individually, may prop-
erly be recovered by the creditor or depositor who has suffered a loss
peculiar to himself. The right of action by the individual creditor,
depositor or stockholder, against officers, or directors is not affected
by the receivership, occasioned by insolvency. 7 C. J., 735."

In his opinion in S. v. Hightower, 187 N. C., 300, speaking of sec.
85, ch. 4, Public Laws, 1921 (3 C. S., 224(g), which denounces the
act of defendants as a felony, the present Chief Justice says: "The
statute was designed to protect the depositing public against this kind
of practice on the part of officers and employees of banks, and they
will be held to a strict accountability under its provisions when they
receive, or when any such officer permits an employee to receive de-
posits therein, with knowledge of the fact that, by reason of the bank's
insolvency, such deposits then being received are taken at the expense
or certain peril of the depositors presently making them."

The demurrer cannot be sustained upon the authority of Douglass v.
Dawson; on the contrary, a careful reading of the opinion in that case

will clearly disclose that it is an authority sustaining the right of plaintiff to recover upon the cause of action set out in the complaint in this action.

The right of a depositor in a bank, who has sustained damages, peculiar to himself, by the wrongful act of the officers and directors of the bank, to recover such damages in an action brought by him against the officers and directors, is not affected by the decision in *Douglass v. Dawson;* the right is expressly recognized in the opinion in that case. A violation of 3 C. S., 224(g), by an employee, or by officers and directors of a bank, resulting in damages to a depositor, is a wrong to the depositor; he and not the bank or its receiver is entitled to maintain an action to recover the damages resulting from such wrong. See *Russell v. Boone,* 188 N. C., 830; *Houston v. Thornton,* 122 N. C., 365; *Townsend v. Williams,* 117 N. C., 330; *Solomon v. Bates,* 118 N. C., 311; *Tate v. Bates,* 118 N. C., 287. Where the wrongful act of officers and directors is a breach of their duty to the bank, resulting in loss to the bank, the damages recoverable are assets of the bank; upon its insolvency and upon the appointment of a receiver, for the liquidation of the bank, such receiver, in the first instance, may alone maintain the action to recover the damages, as assets of the bank, to be administered by him for the benefit of all the depositors, creditors, or stockholders of the insolvent bank.

The judgment must be

Reversed.