T. G. WALL AND LIZZIE WALL v. T. M. HOWARD ET AL.

(Filed 5 October, 1927.)

**Banks and Banking—Insolvency—Depositors—Actions—Individual Liability of Officers—Pleadings—Allegations—Demurrer— Statutes.**

> In order for the depositor in a bank since becoming insolvent and in the hands of a receiver, to maintain an action personally against the individual officers of a bank for permitting the deposits to be received, it is necessary, among other things, to allege and prove the insolvency of the bank at the time the deposits were made, and the allegation that it was either insolvent then or the misconduct of the officials afterwards caused its insolvency, is insufficient, the alternative of the allegation being a wrong to the bank itself which may be sued upon by its receiver afterwards. 3 C. S., 224(g).

CIVIL ACTION, before *Cranmer, J.,* at March Term, 1927, of PITT.

The plaintiffs on 7 April, 1923, deposited in the Bank of Vanceboro the sum of $2,200, receiving from said bank certificates of deposit for said sum. On 13 December, 1923, the Bank of Vanceboro was placed in the hands of a receiver. On 12 December, 1924, the plaintiffs instituted an action against the defendants, who are directors of said Bank of Vanceboro.

The defendants filed a demurrer, which was overruled, and the defendants appealed.

*S. J. Everett for plaintiffs.*
*Moore & Dunn and Skinner, Cooper & Whedbee for defendants.*

BROGDEN, J. The cause of action alleged by the plaintiffs is thus stated in the fifth paragraph of the complaint: "That at the time of

receiving the said deposit above referred to by the said bank, the defendants in this cause knew that the said bank was insolvent or was being handled in such a reckless manner and disregardful of the trust imposed in them, the law, safe banking, and good business, that it must become insolvent as a result thereof, as is hereinafter fully set forth, making the defendants personally liable to these plaintiffs by reason of the said acts and failure to perform and do their duty as directors of the said bank."

In the succeeding paragraphs of the complaint, to wit, 6, 7 and 8, the 'reckless manner" of operating the bank by the directors is specified in detail, such as excessive loans to officers, failure to keep proper records, and otherwise disregarding the duties imposed by law upon the directors of banks.

The chief ground of demurrer is stated in the second paragraph thereof, as follows: "For that the plaintiffs have no right to maintain this action against the defendants upon the grounds alleged in the complaint, and that if any right of action exists by reason of the matters and things alleged in the complaint, then such right of action is in the receiver of the Bank of Vanceboro heretofore duly appointed."

Upon these pleadings only one question of law arises, and that is whether this case, upon the complaint as drawn, is governed by the principle announced in *Douglass v. Dawson,* 190 N. C., 458, or *Bane v. Powell,* 192 N. C., 387. When money is placed in a bank upon general deposit the relationship of debtor and creditor thereupon arises and the money passes from the depositor to the bank. *Corporation Commission v. Trust Co.,* 193 N. C., 696.

As long as a bank is solvent, as defined by law, the officers and directors are authorized to receive deposits and permit the bank to receive them. In other words, in such case deposits are rightfully received. If such deposits, so made, are thereafter misapplied, lost or wasted through the negligence of the officers and directors, and as a result thereof the bank becomes insolvent, this is a wrong done the bank, and it or its receiver alone, nothing else appearing, can maintain the action for damages, and the principle of *Douglass v. Dawson* applies. But if the bank is insolvent at the time the deposit is made, then the officers and directors commit a wrong, under the law, in permitting the deposit to be made. In other words, the taking and receiving money from the depositor, thus swelling the assets of an insolvent bank, is a wrongful act done him personally and individually, for which wrong he alone can sue. In such event, the principle of *Bane v. Powell* applies. Hence, in *S. v. Hightower,* 187 N. C., 313, *Stacy, J.,* writes: "The statute was designed to protect the depositing public against this kind of practice

on the part of officers and employees of banks, and they will be held to a strict accountability under its provision when they receive or when any such officer permits an employee to receive deposits therein with knowledge of the fact that, by reason of the bank's insolvency, such deposits then being received are taken at the expense or certain peril of the depositors presently making them." The principle is further applied by *Connor, J.*, in *Bane v. Powell, supra,* as follows: "A violation of 3 C. S., 224 (g), by an employee, or by officers and directors of a bank, resulting in damages to a depositor, is a wrong to the depositor; he and not the bank or its receiver is entitled to maintain an action to recover the damages resulting from such wrong."

The distinction, therefore, between the two principles turns in the first instance upon whether or not the bank was insolvent at the time the deposit was made. The insolvency of the bank is one of the essential elements of the cause of action, and it must necessarily follow that such insolvency must be alleged in the complaint.

There is no allegation in the complaint that the bank was insolvent. There is allegation that the defendants knew it was insolvent or that it would become insolvent at some time in the future "if the reckless manner" of operating it by the officers and directors was permitted to continue for a sufficient length of time. It is, therefore, apparent that in the complaint, as drawn, an essential element of the cause of action against the defendants as directors is not alleged, and for that reason the demurrer must be sustained.

Reversed.