BRANCH BANKING & TRUST COMPANY, RECEIVER OF BANK OF WAR-SAW, v. H. F. PEIRCE ET AL.

(Filed 6 June, 1928.)

1. **Pleadings—Demurrer—Misjoinder of Parties and Causes of Action.**

An action by the receiver of an insolvent bank against its directors and officers, to recover for depositors and creditors moneys fraudulently diverted to their own use by the defendants in various amounts, is not demurrable for misjoinder of parties and causes of action, when, in effect, the allegations are of a conspiracy, participated in by all to accomplish the particular result complained of as the bases of the action, narrating one general scheme tending to a single end. *Young v. Young,* 81 N. C., 92, cited and applied.

2. **Banks and Banking—Officers and Directors—Only Depositors Can Sue Officers and Directors for Wrongfully Receiving Deposits.**

While a demurrer to the complaint of a receiver of a defunct bank is bad in this case: *Held,* the depositors alone may sue to recover upon allegations of the wrongful receipt of their deposits, and such allegations on proper motion will be stricken from the complaint in the receiver's action.

APPEAL by defendants from *Lyon, Emergency Judge,* at December Term, 1927, of DUPLIN.

Civil action instituted by plaintiff, receiver, under order of court, against the defendants, living directors, executors and administrators of directors since deceased, and the general officers of the Bank of Warsaw, to recover, for the benefit of depositors and creditors, moneys and assets, some alleged to have been wrongfully received, others negligently diverted, and still others recklessly squandered by said officers and directors, during their respective administrations, and in which they all participated to the extent alleged against each, under a general course of dealing or systematic policy of mismanagement, "wrongdoing, concealment and fraud," commencing in the year 1919 and ending on 22 April, 1926, when the said bank was closed because of its insolvency.

Demurrers were interposed by all the defendants principally upon two grounds:

First, because of a misjoinder of parties and a misjoinder of causes of action.

Second, for that no cause of action is stated in favor of the plaintiff on account of deposits alleged to have been wrongfully received.

From a judgment overruling the several demurrers, the defendants appeal, assigning errors.

*W. A. Finch, M. C. Glover, Pou & Pou and J. L. Emanuel for plaintiff.*

*Dickinson & Freeman for defendant, John W. Quinn.*

*Joseph E. Johnson, Kenneth C. Royall and R. D. Johnson for defendants, R. H. Best and Huldah W. Best, administratrix of L. P. Best.*

*N. W. Outlaw and L. I. Moore for defendant, G. G. Best.*

*D. L. Carlton for Bevie K. Middleton, administratrix of L. Middleton.*

*Joseph E. Johnson and Rivers D. Johnson for defendants, H. F. Peirce and E. W. Jordan.*

*Gavin & Boney and Cowper, Whitaker & Allen for defendants, J. J. Bowden and H. H. Carlton.*

STACY, C. J. ᴀWithout undertaking to state the substance of the complaint, which covers 95 pages of the record and contains more than 290 paragraphs or separate allegations, suffice it to say a careful perusal of the record leaves us with the impression that the demurrers were properly overruled on the alleged ground of multifariousness or misjoinder of parties and causes of action. *Furniture Co. v. R. R., ante,* 636.

The one circumstance which differentiates this case from those cited by the defendants, especially *Emerson v. Gaither,* 103 Md., 564, 7 Ann. Cas., 1114, most nearly in point and upon which great reliance is put, is the allegation of a general course of dealing and systematic policy of wrongdoing, concealment and mismanagement, virtually amounting to a conspiracy, in which the defendants are all charged with having participated at different times and in varying degrees. *Cotten v. Laurel Park Estates, post,* 848, 141 S. E., 339. A connected story is told and a complete picture is painted of a series of transactions, forming one general scheme, and tending to a single end. This saves the pleading from the challenge of the demurrers. *Cotton Mills v. Maslin, ante,* 12; *Bedsole v. Monroe,* 40 N. C., 313; *Fisher v. Trust Co.,* 138 N. C., 224, 50 S. E., 659; *Oyster v. Mining Co.,* 140 N. C., 135, 52 S. E., 198; *Hawk v. Lumber Co.,* 145 N. C., 47, 58 S. E., 603; *Chemical Co. v. Floyd,* 158 N. C., 455, 74 S. E., 465.

In *Young v. Young,* 81 N. C., 92, it was held (as stated in the first headnote) : "Where a general right is claimed arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit." And it has been held that in such case the share of each, in causing the total loss, may be separately measured and assessed in one action. *Long v. Swindell,* 77 N. C., 176.

But under *Wall v. Howard,* 194 N. C., 310, 139 S. E., 449, and *Bane v. Powell,* 192 N. C., 387, 135 S. E., 118, the allegations with respect to the wrongful receipt of deposits would seem to be without avail and superfluous in an action by the receiver. On motion, they should be stricken from the complaint. The injured depositors alone may sue for such alleged wrongs. To this extent, the demurrers are valid upon the second ground stated above.

Modified and Affirmed.