STACY, C. J., dissenting: BROGDEN, J., concurring in dissent.
Action by certain depositors and creditors of an insolvent bank, in behalf of themselves and all other depositors and creditors, to recover damages sustained by said bank, resulting in its insolvency, and caused by the wrongful acts of defendants, as its officers and directors. *Page 764 
The receiver of said bank is a party defendant. It is alleged in the complaint that said receiver, upon demand duly and regularly made upon him, prior to the commencement of this action, refused to bring suit to recover said damages. It is further alleged therein that "by reason of the unlawful, wrongful and negligent conduct on the part of said defendants as hereinbefore alleged, these plaintiffs have been damaged in the sum of $177,117.59, less such amounts as the receiver has been able to realize from such assets as were left intact at the time of the closing of the doors of the said Snow Hill Banking and Trust Company, which said amount is not exactly known to these plaintiffs, but upon information and belief, they allege said amount to be about $55,000, and these plaintiffs here demand that the defendant, the National Bank of Snow Hill, receiver of the Snow Hill Banking and Trust Company, file in this cause a true and complete statement of the net receipts from the said Snow Hill Banking and Trust Company's assets which were turned over to such receiver."
From judgment overruling his demurrers to the complaint, both written and ore tenus, defendant, G. A. Norwood, appealed to the Supreme Court.
The demurrer, in writing, of the defendant, G. A. Norwood, for that it appears upon the face of the complaint (1) that there is a defect of parties defendant; (2) that there is a defect of parties plaintiff, and (3) that several causes of action have been improperly united therein, was properly overruled. The said demurrer cannot be sustained.
The cause of action set out in the complaint, as will appear by reference to the allegations contained therein, is not for the recovery of damages which the several plaintiffs have sustained as individual depositors and creditors of the Snow Hill Banking and Trust Company, by reason of its insolvency; it is not alleged that each of the plaintiffs has sustained damages peculiar to himself, which he alone would be entitled to recover of defendants, under the authority of Bane v. Powell, 192 N.C. 387,135 S.E. 118, cited and approved in Wall v. Howard, 194 N.C. 310,139 S.E. 449. The cause of action is for the recovery of damages sustained, primarily, by the Snow Hill Banking and Trust Company, resulting in its insolvency, and caused, as alleged in the complaint, by the wrongful acts of defendants, acting not as individuals, but as its officers and directors, charged with certain specific duties to said Banking *Page 765 
and Trust Company, which it is alleged they have wilfully, wrongfully and unlawfully failed to perform. The allegations of the complaint are sufficient to constitute a cause of action in favor of the Snow Hill Banking and Trust Company, under the authority of Douglass v. Dawson,190 N.C. 458, 130 S.E. 195, also cited and approved in Wall v. Howard,supra. In Corporation Commission v. Bank, 193 N.C. 113, 136 S.E. 362, it is said, in the opinion written by Stacy, C. J.:
"That the right of action against the officers and directors of a banking corporation, for loss or depletion of the company's assets, due to their wilful or negligent failure to perform their official duties, is a right accruing to the bank, enforceable by the bank itself, prior to insolvency, and hence enforceable by the receiver for the benefit of the bank, as well as for the benefit of its creditors, is the holding or rationale of all the decisions on the subject." Douglass v. Dawson,190 N.C. 458, 130 S.E. 195; Besseliew v. Brown, 177 N.C. 65,97 S.E. 743; Bane v. Powell, 192 N.C. 387, 135 S.E. 118; Wall v.Howard, 194 N.C. 310, 139 S.E. 449.
Upon the appointment of its receiver, after the adjudication that it was insolvent, the cause of action against the defendants herein, which upon the allegations of the complaint had accrued to the Snow Hill Banking and Trust Company, passed to and vested in said receiver, as an asset of said Banking and Trust Company, to be administered by said receiver for the benefit of creditors, depositors and stockholders of said Banking and Trust Company. It is well settled that it is the right of said receiver, and ordinarily his duty, to realize, if possible, by suit or otherwise, upon said asset, by reducing same to money. Money realized from such asset, by suit or otherwise, must be distributed ratably and equally, first, until they are paid in full, among the creditors and depositors, having regard, of course, for priorities, where they exist, and then among the stockholders of said insolvent company. Corp. Com. v. Bank, supra; Zane on Banks and Banking, sec. 86. It was held by this Court in Wall v. Howard,supra, that the receiver of an insolvent bank, alone, nothing elseappearing, can maintain an action to recover of officers and directors of such bank, damages for a wrong done by them to the bank. In Douglass v.Dawson, supra, it is said:
"Actions to recover such assets must be brought and prosecuted by the receiver, in his name, as representing all the creditors as well as the corporation in process of liquidation, or if such actions are brought by creditors or stockholders, it must be alleged in the complaint that demand was made upon the receiver to institute the action, and that he has refused to comply with said demand. In an action brought by creditors, depositors or stockholders to recover assets belonging to the *Page 766 
corporation, the title to which has vested in the receiver, upon his refusal to bring the action, the receiver may properly be made a defendant, to the end that the recovery may be subject to orders and decrees of the court, in the judgment, as to its application to the claims of creditors and depositors, or to its distribution among stockholders."
The procedure suggested in the opinion in Douglass v. Dawson, supra, and approved by this Court, is in accord with the principle, upon which Moorev. Mining Company, 104 N.C. 534, 10 S.E. 679, and Merrimon v. PavingCo., 142 N.C. 539, 55 S.E. 366, were decided. In the opinions in both these cases, Hawes v. Oakland, 104 U.S. 450, 26 L.Ed., 827, is cited and followed. In that case it was held that to entitle a stockholder in a corporation to maintain an action in his own name, for a wrong done to the corporation, he must allege that he has, before instituting the action, exhausted all the means in his power to obtain redress of his grievances, within the corporation. When the corporation, acting through its officers and directors, or through a majority of its stockholders, upon the demand of minority stockholders, has refused to seek redress of such grievances by an action against those who are liable to the corporation, the minority stockholders, in their own name, as plaintiffs, may bring and prosecute an action for such redress. Recovery in such action will ordinarily enure to the benefit of all the stockholders.
Where the corporation has become insolvent, by reason of a wrong done it, and a receiver has been appointed, in whom the cause of action for recovery for such wrong has vested, the creditors of the corporation as well as its stockholders, who have suffered from such wrong, upon the refusal of the receiver to bring an action to recover for such wrong, in compliance with their demand, are not and ought not to be without a remedy.
Ordinarily, when it is made to appear to the court which has appointed the receiver of an insolvent corporation, that a cause of action exists in favor of such corporation, which is an asset available for the benefit of its creditors and stockholders, and that the receiver has refused to enforce the same by action against parties who are liable thereon, upon demand of creditors and stockholders, the court will order the receiver to bring an action, for the purpose of recovery on said cause of action. It may be, however, that although the court finds that a cause of action exists as alleged by creditors and stockholders, it may further find that by reason of the insolvency of the parties liable thereon, or for other causes, the prosecution of the cause of action is not advisable for the reason that a substantial recovery thereon is not probable. In such case the court, in the exercise of its discretion, may well refuse to order the receiver to bring the action, and to prosecute the same at the *Page 767 
expense of the assets in his hands; or if the court shall find that the receiver, in refusing to bring the action, upon the demand of creditors or stockholders, acted in good faith, and in the exercise of a sound judgment, it may decline to make the order, or to remove the receiver, and appoint another as receiver.
Creditors or stockholders, whose demand upon the receiver of an insolvent corporation, that he bring an action to enforce a cause of action in favor of the corporation, existing at the date of his appointment, has been refused, are not required to petition the court for an order that the receiver bring the action. They may, after such demand and refusal, bring the action and prosecute the same at their expense. In the event that they fail to recover, or if they recover a judgment which does not increase the substantial assets of the insolvent corporation, because of the insolvency of the judgment debtors, all costs and expenses of the action must be borne by the plaintiffs; they will not ordinarily be a charge upon the assets of the insolvent corporation in the hands of the receiver. A recovery in such action, resulting in an increase of the assets in the hands of the receiver, will inure to the benefit of all the creditors and upon the satisfaction in full of their claims, to the benefit of all the stockholders of the insolvent corporation. The receiver may properly be made a party defendant in order that the recovery, if any, may be distributed by him in accordance with the orders and decrees of the court, just as other assets in his hands are distributed.
In the instant case, we find no error in the judgment overruling the demurrer, ore tenus, of the appealing defendant. The facts alleged in the complaint constitute a cause of action. The allegation that demand was made on the receiver to bring an action against the defendants upon the facts alleged, and that such demand was refused, if denied in the answer, will raise an issue which is jurisdictional in its nature. If a contention is made by defendants that the allegations of the complaint are not sufficiently definite and specific, relief may be afforded by an order that plaintiffs file a bill of particulars; if such bill is filed, plaintiffs will be restricted on the trial to proof of the matters particularly specified therein. Gore v. Wilmington, 194 N.C. 450, 140 S.E. 71; S. v.Wadford, 194 N.C. 336, 139 S.E. 608.
Upon the allegations of the complaint this action is easily distinguishable from Trust Co. v. Pierce, 195 N.C. 717, 143 S.E. 524. It does not appear upon the face of the complaint in this action, that defendants were officers and directors of the Snow Hill Banking and Trust Company for different or successive terms. It is alleged that they were all officers and directors during the time the wrongs were committed by them acting as such, which wrongs resulted in the insolvency of the *Page 768 
said Banking and Trust Company, and for which damages are sought to be recovered in this action.
It seems proper to observe that on this appeal we are not dealing with the merits of this action, but solely with the sufficiency of the allegations of the complaint. Furniture Co. v. R. R., 195 N.C. 636,143 S.E. 242. We decide only that the allegations are sufficient, and that there was no error in overruling defendant's demurrers, both written andore tenus, to the complaint. These demurrers present for decision issues of law only. If the material allegations of the complaint are denied in the answer, which defendant has leave to file, issues of fact will be raised, which will be tried according to law, in order that the truth may be established and judgment be rendered according to law. The judgment is
Affirmed.