L. S. GORDON ET AL. v. A. L. PENDLETON ET AL.

(Filed 17 February, 1932.)

1. **Appeal and Error E h—Although record is not clear in this case the appeal is considered on theory of trial in lower court.**

   In this action brought against the officers of an insolvent bank by its stockholders and creditors alleging damages caused by the defendant's neglect in its management, a demand upon the receiver to bring the action and its refusal to do so does not clearly appear of record, but it appearing upon information of counsel that the case was not decided in the lower court on this point and that the demand and refusal had been made, the Supreme Court accordingly considers the case on appeal.

2. **Corporations C c—Corporate officers are liable for wilful or negligent failure to exercise due care in the performance of their duties.**

   The directors and managing officers of a corporation are not liable in damages for mere errors of judgment or slight omissions in the performance of their duties, but they are liable in proper cases for loss or depletion of the corporation's assets due to their wilful or negligent failure to exercise reasonable diligence in the performance of their official duties, they being regarded as in the nature of trustees and being required to exercise that degree of care that a man of ordinary prudence would reasonably use in the conduct of his personal business under the circumstances, and upon a breach of this legal duty the corporation may sue in case of solvency, and when insolvent, the receiver may do so.

3. **Banks and Banking H b—Evidence in this case held insufficient to sustain action against officers for wrongful depletion of assets.**

   In this action against the managing officials of a bank for wrongful depletion of assets in mismanagement of the affairs of the bank in making loans in excess of the statutory limit, C. S., 220(d), and in making loans to themselves or upon paper with their endorsement without sufficient security, C. S., 221(n) : *Held,* the evidence is insufficient to be submitted

to the jury, it appearing that no loss to the assets of the bank had been caused by the acts of the officials, and the judgment of the lower court dismissing the case as of nonsuit is sustained on appeal.

APPEAL by plaintiffs from a judgment of nonsuit rendered by *Frizzelle, J.;* at November Term, 1931, of PASQUOTANK.

The Carolina Banking and Trust Company was a corporation which transacted a banking business in Elizabeth City from 21 October, 1921, until 12 August, 1929. At the latter date the Corporation Commission took charge of its affairs and put it in process of liquidation on account of its alleged insolvency. When the doors were closed some of the defendants were directors, one was president, one, vice-president, one, cashier, and another assistant cashier. The complaint alleges that others were members of the loan board and of the executive committee.

The plaintiffs L. S. Gordon and G. E. Pritchard, who were stockholders, instituted the present action in their own right and as creditors, and on behalf of all other creditors of the corporation. They alleged that before beginning the action they called upon the Corporation Commission to bring suit and that the Corporation Commission declined to do so or to join in this action.

The plaintiffs allege in substance, but with minute detail, that the defendants failed and refused to perform their duties with a fair and reasonable measure of skill; failed and refused to regulate and manage the business of the corporation with a reasonable degree of safety; failed and refused to exercise due diligence in the collection of solvent loans and to disclose the impairment of the bank's capital and the insufficiency of its surplus and wrongfully permitted its officers and directors to borrow money from the bank without good collateral or ample security and without the approval of a majority of the board of directors expressed by written resolution; also that the officers, employees and directors unlawfully made loans to themselves, to each other and to other persons in excessive and unlawful amounts upon direct and indirect obligations, and in other respects failed and refused to perform the duties imposed upon them by law.

They further allege that by reason of the negligence of the defendants in the respects set out in the complaint the bank was destroyed and rendered insolvent; that its debts were left unpaid and that its assets were greatly impaired, by reason of which plaintiffs have been damaged in a large amount.

The defendants in their answer denied the material allegations of the complaint and alleged that the plaintiffs were stockholders in the bank, and that they had circulated slanderous, defamatory and derogatory reports with reference to its solvency, to the great damage of the defend-

ants. At the close of the plaintiffs' evidence the defendants moved for nonsuit; their motion was allowed and the plaintiffs excepted and appealed.

*Ward & Grimes for plaintiffs.*
*Ehringhaus & Hall, J. H. LeRoy, Jr., and McMullan & McMullan for defendants.*

ADAMS, J. We are informed that the present action was instituted after the plaintiff had ineffectually requested the banking department of the Corporation Commission to bring suit against the defendants for delinquency in the discharge of their duties. Proof of the demand and refusal is not clearly set out in the record but we are told that the action was not dismissed for the reason that the demand had not been made. In the briefs, as in the oral argument, only one question is debated: that is, whether the plaintiffs' evidence is of sufficient probative force to call for the verdict of a jury. If it is not, the plaintiffs' counsel, while insisting upon its sufficiency, commendably indulges the "hope that the judgment below will be affirmed."

It is an established principle that the directors and managing officers of a corporation, though ordinarily not responsible for mere errors of judgment or slight omissions, are to be considered and dealt with as trustees, or *quasi*-trustees, in respect to their corporate management, and in proper cases may be held liable for loss or depletion of the company's assets due to their wilful or negligent failure to perform their official duties. *Ham v. Norwood,* 196 N. C., 762; *Corporation Commission v. Bank,* 193 N. C., 113; *Besseliew v. Brown,* 177 N. C., 65. It is said in the case last cited that when they accept these positions of trust they are expected and required to give them the care and attention that a prudent man should exercise in like circumstances and charged with a like duty; that if there is a breach of legal duty in this respect, causing a loss of the company's assets, the corporation may sue; and that in case of insolvency the action may be maintained by the receiver.

The appeal raises the question whether the evidence with its legitimate inferences reveals such disregard of this principle as reasonably requires a reversal of the judgment. The chief assault of the plaintiffs is directed to the defendants' alleged official delinquency in making loans that were unauthorized and unsecured and in permitting a reserve deficiency. We have endeavored to analyze the evidence in reference to these matters and have concluded that the plaintiffs' position cannot be maintained. A detailed statement of the exhibits would involve intricate calculations and would serve no useful purpose. For this reason we restrict the opinion to a statement of the result of our investigation.

With respect to the loans, the defendants have accepted the plaintiffs' statement that the total direct liability of the directors, their families and corporations, was $111,071, and that the endorsements amounted to $102,428.98. The plaintiffs contend that some of these loans were made without good collateral or ample security in breach of C. S., 221(n) and that others were in excess of the amount which the bank was authorized to lend under C. S., 220(d). The defendants admit that the sum $111,071 represents the direct liabilities, but they contend that the indirect obligations of $102,428.98 involve many duplications which, when properly considered, reduce the aggregate obligations of the defendants to an amount but slightly in excess of the sum stated as their direct obligations; and, further, that the estimated financial worth of the defendants exceeds $800,000. The defendants further contend that if no allowance be made for the duplication and the total obligations be measured by the reduced amount of the capital stock (reduced from $250,000 to $125,000) and a few loans according to this standard were in excess of the legal limit, still the loans were made before the capital stock was reduced, and after the reduction every effort consonant with sound banking was made to curtail the loans. As a result, they say, no loan exceeded the limit at the time it was made.

The defendants admit that through inadvertence they made some loans that were unauthorized but insist that upon request of the bank examiner the error was corrected.

We do not see that the plaintiffs' position is materially aided by his contention in reference to the reserve deficiency.

Upon an inspection of the record we find no convincing or satisfactory evidence that the alleged negligent acts of the defendants resulted in any pecuniary loss either to the bank or to the plaintiffs. The judgment is therefore

Affirmed.