### O. G. THOMAS v. THE CHERRYVILLE NATIONAL BANK OF CHERRYVILLE, NORTH CAROLINA.

#### (Filed 4 January, 1933.)

APPEAL by plaintiff from *MacRae, Special Judge,* at June Special Term, 1932, of MECKLENBURG.

Civil action to recover damages, arising *ex contractu,* and tried upon the following issue:

"Did the plaintiff and defendant enter into an agreement for the sale of the property described in the complaint, as alleged in the complaint? Answer: No (by direction of the court)."

From judgment on the verdict, the plaintiff appeals, assigning errors.

*Scarborough & Boyd and Fred. H. Hasty for plaintiff.*
*A. L. Quickel for defendant.*

PER CURIAM. In addition to being somewhat involved, the plaintiff's testimony falls short of establishing the contract as alleged, which would entitle him to recover for its breach. The case presents a simple question of the sufficiency of the evidence to warrant a recovery.

No error.

---

### GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. BANK OF STOKES COUNTY, v. J. W. NEAL ET AL.

#### (Filed 4 January, 1933.)

APPEAL by defendants from *Clement, J.,* at April Term, 1932, of STOKES.

Civil action instituted against the living officers and directors of the Bank of Stokes County, and against the executors and administrators of the officers and directors since deceased, for alleged misconduct and mismanagement on the part of said officers and directors during their respective administrations, and in which it is alleged they all participated under a general course of dealing or systematic policy of mismanagement, negligent waste and unlawful diversion of funds, commencing in the year 1921 and ending 8 November, 1930, when the bank was closed because of insolvency.

In the second cause of action, set out in the complaint, a large number of deeds and conveyances are sought to be set aside as fraudulent,

alleged to have been given without consideration and with intent to hinder and delay the plaintiff in the collection of funds due by reason of the matters and things set out in the first cause of action.

Demurrer interposed on the ground of misjoinder of parties and causes of action. Overruled; exception; appeal by defendants.

*Brown & Trotter for plaintiff.*
*Spruill & Olive, W. R. Dalton, Folger & Folger, S. Porter Graves, Benbow & Hall and Gilmer Sparger for defendants.*

PER CURIAM. Affirmed on authority of *Hood, Commissioner, v. Love, ante,* 583, *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524, *Bank v. Moseley,* 202 N. C., 836, 162 S. E., 923, *Carswell v. Talley,* 192 N. C., 37, 135 S. E., 181.

Affirmed.

---

## APPEALS FROM THE SUPREME COURT OF NORTH CAROLINA

### TO THE SUPREME COURT OF THE UNITED STATES

Mary B. Heavner *v.* Town of Lincolnton and Maryland Casualty Company (202 N. C., 400). Appeal dismissed.

State *v.* Wallace B. Davis (203 N. C., 47). *Writ of certiorari* denied.

State *v.* Luke Lea, Luke Lea, Jr., and Wallace B. Davis (203 N. C., 13). *Writ of certiorari* denied.

J. M. Edgerton *v.* Southern Railway Company (203 N. C., 281.) *Writ of certiorari* denied.