A. ROSCOWER v. GEORGE D. BIZZELL et al.

(Filed 5 November, 1930.)

**Banks and Banking H b—Stockholder of insolvent bank not sustaining peculiar damage may not bring independent action against bank officers.**

The officers and directors of a bank are trustees or *quasi*-trustees in respect to the performance of their official duties and are liable for either wilful or negligent failure to perform them, but a particular stockholder may not maintain an independent action against them for such negligent failure to recover for the loss of value of his stock, without allegation and proof that he has sustained a loss peculiar to himself, or allegation of demand upon the receiver to bring the action and his refusal to do so, and a demurrer to the action of such particular stockholder is properly sustained and the action dismissed.

Appeal by plaintiff from *Midyette, J.,* at August Special Term, 1930, of Wayne. Affirmed.

This is an action to recover of the defendants, officers and directors of the Peoples Bank and Trust Company, a corporation organized under the laws of this State, the sum of $2,000, damages sustained by plaintiff, a stockholder of said corporation, in the loss of his stock, and resulting from the insolvency of the Peoples Bank and Trust Company. In his complaint, plaintiff alleges that said insolvency was caused by the negligence and wrongful acts of defendants, as specifically alleged therein, in the performance of their official duties.

The essential facts alleged in the complaint are as follows:

Prior to 13 January, 1927, the Peoples Bank and Trust Company, a corporation organized under the laws of this State, was engaged in the banking business at Goldsboro, N. C. On or about said day, the said corporation closed its doors and ceased to do business. Thereafter, and prior to 30 April, 1927, it was ascertained that the said Peoples Bank and Trust Company was insolvent.

On 30 April, 1927, the Peoples Bank and Trust Company sold and transferred all its assets to the Wayne National Bank, of Goldsboro, N. C., for the purpose of its liquidation. It is now wholly insolvent, and its capital stock utterly worthless. By reason thereof, the plaintiff, as the owner of twenty shares of said capital stock, of the par value of $2,000, has sustained a loss in the sum of $2,000.

Defendants are now, and for some time prior to the date of its insolvency, were officers and directors of said Peoples Bank and Trust Company, and as such had entire control and management of its affairs. The insolvency of said Peoples Bank and Trust Company was caused by the negligence and wrongful acts of the defendants, as specifically alleged in the complaint, in the performance of their official duties.

The court was of opinion that the facts stated in the complaint are not sufficient to constitute a cause of action on which plaintiff is entitled to recover, and in accordance with said opinion, sustained the demurrer, *ore tenus,* to the complaint.

From judgment sustaining the demurrer and dismissing the action, plaintiff appealed to the Supreme Court.

*N. W. Outlaw, Hugh Dortch and L. I. Moore for plaintiff.*

*Teague & Dees, D. H. Bland, J. N. Smith, Kenneth C. Royall, J. Faison Thomson and P. B. Edmundson for defendants.*

Connor, J. The principle is well settled that "directors and managing officers of a corporation are deemed by the law to be trustees or *quasi*-trustees, in respect to the performance of their official duties incident to corporate management, and are therefore liable for either wilful or negligent failure to perform their official duties. Therefore, if there is a loss of the corporation's assets, caused and brought about by the negligent failure of its officers to perform their duties, the corporation, or its receiver, in case of insolvency, can maintain an action therefor." This principle has been uniformly recognized, and consistently applied by this Court. *Minnis v. Sharpe,* 198 N. C., 364, 151 S. E., 735; *Braswell v. Morrow,* 195 N. C., 127, 141 S. E., 489; *S. v. Trust Company,* 192 N. C., 246, 134 S. E., 656; *Besseliew v. Brown,* 177 N. C., 65, 97 S. E., 743; *Whitlock v. Alexander,* 160 N. C., 465, 76 S. E., 538;

*McIver v. Hardware Co.,* 144 N. C., 478, 57 S. E., 169. The principle has not been and ought not to be relaxed. Creditors and stockholders of corporations organized and doing business under the laws of this State are entitled to the strict and uniform enforcement of this principle.

However, this salutary principle, which requires of the officers and directors of a corporation, diligence and good faith in the performance of their official duties, is for the protection of the corporation, and of all its creditors and stockholders alike; it cannot ordinarily be invoked for the sole benefit of a single creditor or stockholder, who has sustained no loss peculiar to himself as a result of a breach of their official duties by the officers and directors of the corporation. Where the loss falls on the corporation, and all its creditors and depositors suffer alike, an action to recover the damages resulting from the loss can be maintained ordinarily only by the corporation, or, upon its insolvency, by its receiver, or assignee. The right of action is an asset of the corporation, which upon its insolvency vests in its receiver, or assignee, for the benefit, first, of its creditors, and, second, of its stockholders. The application of this principle secures a just and equitable distribution of any sum or sums recovered of the officers and directors of the corporation among the creditors or stockholders of the corporation, which has in the first instance sustained the loss for which its officers and directors are liable. *Wall v. Howard,* 194 N. C., 310, 139 S. E., 449; *Corp. Com. v. Bank,* 193 N. C., 113, 136 S. E., 362; *Douglass v. Dawson,* 190 N. C., 458, 130 S. E., 195; *Coble v. Beall,* 130 N. C., 533, 41 S. E., 793.

In the instant case, it is not alleged in the complaint that the Wayne National Bank, to which all the assets of the Peoples Bank and Trust Company have been sold and assigned for the purpose of liquidation, has upon demand of the plaintiff, refused or failed to institute an action against the defendants, for the recovery of the damages sustained by the Peoples Bank and Trust Company by reason of the alleged negligence and wrongful acts of defendants. *Ham v. Norwood,* 196 N. C., 763, 147 S. E., 291, is not, therefore, applicable. Nor is this action prosecuted by the plaintiff, in his own behalf and in behalf of all other stockholders and creditors of the Peoples Bank and Trust Company. Plaintiff demands judgment only for the damages which he has sustained by reason of the negligence and wrongful acts of defendants. As the loss sustained by plaintiff is not, upon the facts stated in the complaint, peculiar to him, he is not entitled to recover in this action.

We find no error in the judgment sustaining defendants' demurrer *ore tenus,* and dismissing this action. The judgment is

Affirmed.