The plaintiffs brought this suit in behalf of themselves and such other parties as might desire to interplead, alleging that the Central Bank and Trust Company was indebted to them in the sum of $1,818, evidenced by certain certificates of deposits issued to plaintiff on 6 December, 1929, 8 February, 1930, and 24 October, 1930. It was further alleged that the Central Bank and Trust Company was closed on 20 November, 1930, and all of its assets turned over to the Corporation Commission as provided by law, and that the defendant, G. N. Henson, one of the officers of the banking department, was duly appointed liquidating agent for said bank. It was further alleged that the defendant, city of Asheville, had on deposit in said bank, on the day it was closed, approximately $4,300,000. It was further alleged that the officers of the bank had turned over to the city of Asheville as security for said deposit certain collateral, consisting of notes, bonds, stocks, etc., aggregating $6,000,000. *Page 182 
It was alleged that the hypothecation of such collateral to secure the deposit of the city of Asheville was unlawful and wrongful and constituted a fraud on the rights of plaintiffs and other depositors of said bank. It was further alleged that said bank had hypothecated other assets with out of town banks to secure loans. The plaintiffs further allege that they duly filed a claim in writing against the city of Asheville, and that said claim has been disallowed. The relief prayed for, was that the plaintiffs have judgment against the bank and Henson, liquidating agent, for the amount of the certificates of deposit, and that the defendant, city of Asheville, be restrained from liquidating the collateral held by it, and further be required to surrender said collateral to the liquidating agent.
The defendants demurred to the complaint upon the ground that it appeared upon the face of the complaint that the Corporation Commission was in charge of the assets of said bank, and that it alone had the right to institute an action for the recovery of the assets of the bank.
The defendants demurred further upon the ground of misjoinder of parties and causes of action.
The cause was duly heard and the demurrers of the defendants were sustained.
From the foregoing judgment plaintiffs appealed.
This suit was instituted to recover certain collateral which the Central Bank and Trust Company had hypothecated with the defendant, city of Asheville, for the purpose of securing the deposit of the city in said bank. The cause of action rests upon the theory that the officials of the bank had no right to hypothecate the assets thereof for such purpose, and furthermore, that such hypothecation enabled the city to secure an unlawful and fraudulent preference. It is not alleged that demand had been made upon the Corporation Commission to recover the assets of the bank, and that it has failed and refused to institute a suit or to pursue any other available remedy. Therefore, the demurrers were properly sustained upon authority ofTrust Co. v. Rose, 192 N.C. 673; Richmond Co. v. Trust Co., 195 N.C. 545. See, also, Douglass v. Dawson, 190 N.C. 458; Wall v. Howard, 194 N.C. 311;In re Trust Co., 198 N.C. 783; Roscower v. Bizzell, 199 N.C. 656.
Affirmed. *Page 183