R. B. JORDAN, AND ALL OTHER MINORITY STOCKHOLDERS IN THE NORTH CAROLINA NATURAL PRODUCTS CORPORATION WHO CARE TO MAKE THEMSELVES PARTIES PLAINTIFF *v.* R. H. HARTNESS AND R. P. ROSSER, MAJORITY STOCKHOLDERS IN THE NORTH CAROLINA NATURAL PRODUCTS CORPORATION.

(Filed 12 October, 1949.)

**1. Corporations § 10—**

Ordinarily, a stockholder may not maintain an action against other stockholders for dissipation of the assets of the corporation, even though he alleges depreciation in the value of his shares of stock, unless he alleges that action by the corporation has been demanded and refused.

**2. Corporations § 25c—**

An action against majority stockholders for wrongfully dissipating the assets of the corporation is for and in behalf of the corporation, and the corporation is a necessary party to such action.

APPEAL by plaintiff from *Burgwyn, Special Judge,* June Term, 1949, LEE. Affirmed.

Civil action to recover damages for the wrongful conversion of corporate assets, heard on demurrer.

Plaintiff alleges that he is a minority stockholder in the North Carolina Natural Products Corporation and that defendants own a majority of the capital stock thereof; that in December 1948 defendants took into custody the assets of the corporation and sold them for the grossly inadequate sum of $10,000. He alleges other misconduct on their part in respect to said assets, an ulterior purpose, and that by reason of said conversion and misconduct the value of his shares of stock has been materially depreciated to his damage in the sum of $10,000.

There is no allegation that defendants are officers or directors of the corporation or that they acted as such in disposing of its assets. Nor is there any allegation that plaintiff has made demand upon the corporation to institute suit to recover the damages resulting from the alleged misconduct of defendants, or that the corporation, through its officers, has declined to institute suit therefor.

The defendants demurred for that (1) the said corporation and other necessary parties are not made parties to the action; (2) no demand upon and refusal of the corporation to institute suit is alleged; (3) the plaintiff is not entitled to maintain this action; and (4) the complaint fails to state a cause of action. The demurrer was sustained by the court below and plaintiff appealed.

*H. F. Seawell, Jr., for plaintiff appellant.*

*Warren F. Olmsted and Spence & Boyette for defendant appellees.*

YANCEY *v.* YANCEY.

BARNHILL, J. The plaintiff does not allege a loss peculiar to himself. *Bane v. Powell,* 192 N.C. 387, 135 S.E. 118. The alleged wrong caused loss to stockholders and creditors generally. *Douglass v. Dawson,* 190 N.C. 458. Thus he has failed to allege a cause of action resting in him which he may enforce of his own right. *Bane v. Powell, supra.*

A cause of action for the conversion or dissipation of corporate assets rests in the corporation and must be enforced by the corporation. Ordinarily, in the absence of demand upon the corporation to prosecute the action and its wrongful refusal so to do, the action may not be maintained by an individual stockholder. *Winstead v. Hearne,* 173 N.C. 606, 92 S.E. 613; *Douglass v. Dawson, supra; Corporation Commission v. Bank,* 193 N.C. 113, 136 S.E. 362; *Sain v. Love,* 207 N.C. 588, 178 S.E. 98; *Taylor v. Holmes,* 14 F. 298, affirmed, 127 U.S. 489, 32 L. Ed. 179.

He must first seek relief through the corporation, *Winstead v. Hearne, supra,* and in the absence of allegation that action by the corporation has been demanded and refused, a demurrer must be sustained. *Douglass v. Dawson, supra; Merrimon v. Asheville,* 201 N.C. 181, 159 S.E. 413; *Roscower v. Bizzell,* 199 N.C. 656, 155 S.E. 558. This is true even though the injury to the corporation causes a depreciation in the value of his shares of stock therein. Anno. 59 A.L.R. 1099.

That is to say, the right of a stockholder to bring suit against other stockholders for dissipation of the assets of the corporation rests (1) in the existence of a complete cause of action against the defendants in favor of the corporation and (2) upon the neglect and refusal of the corporate body to act for itself. 13 A.J. 506. Even then the recovery is for and in behalf of the corporation, and so it is a necessary party to the action.

While there are exceptions to the rule that a stockholder must first demand action by the corporation, *Murphy v. Greensboro,* 190 N.C. 268, 129 S.E. 614; *Hawes v. Oakland,* 104 U.S. 450, 26 L. Ed. 827, the allegations in the complaint fail to bring this case within the exceptions.

For the reasons stated the judgment below is

Affirmed.