## JOHNSON v. BRANDON CORP.

### No. 6112.

United States Court of Appeals
Fourth Circuit.

Argued June 29, 1950.

Decided June 29, 1950.

Harvey W. Johnson, of Spartanburg, S. C. (Alfred F. Burgess, of Greenville, S. C., George P. Callison, of Greenwood, S. C., Wyche, Burgess & Wollford, of Greenville, S. C., Young, Bell & Callison, and James B. Stephen, of Greenwood, S. C., on brief) for appellant.

C. F. Haynsworth, Jr., Stephen Nettles, Haynsworth & Haynsworth, and Nettles & Horton, all of Greenville, S. C., on brief for appellee.

Before SOPER, and DOBIE, Circuit Judges, and GILLIAM, District Judge.

PER CURIAM.

The plaintiff, a citizen of Wisconsin, was the owner of ten shares of common stock of the Brandon Corporation, a corporation organized under the laws of South Carolina, and brought a derivative action against it, complaining that the corporation, notwithstanding large earnings, had unreasonably withheld adequate dividends on the common stock of the corporation from the stockholders, and had entered into an expensive and undesirable contract with a selling agent which was about to expire and which the corporation intended to renew.

The plaintiff prayed (1) that the corporation be required to declare a dividend on the common stock of $25 per share; (2) that the corporation be ordered to institute proceedings for the cancellation of the selling agency agreement, and be enjoined from renewing the same upon its expiration; and (3) that pending the hearing, the company be enjoined from making further sales under said agreement.

The defendant filed a motion to dismiss, which was granted (without prejudice) by the District Court on the grounds (1) that the court did not have jurisdiction over the controversy considered as an individual action on the part of the plaintiff because the amount involved was less than $3,000; and (2) that the plaintiff had not complied with Rule 23 of the Rules of Federal Procedure, 28 U.S.C.A., which requires that in a derivative action the complaint shall be verified by oath and shall aver (a) that the plaintiff was a shareholder at the time of the transaction of which he complained; (b) that the action is not a collusive one to confer jurisdiction upon the United States Court and (c) that the complaint shall set forth with particularity the efforts of the plaintiff to secure from

the management of the corporation such action as he desired.

The judgment of the District Court is affirmed since it is obvious that the complaint, considered as an individual cause of action, does not show that the controversy involves the necessary jurisdictional amount, and because the complaint, considered as a derivative action, fails to comply with any of the three requirements of Rule 23 above mentioned.

Affirmed.