Robert G. BAKER; Robert G. Baker, Attorney in Fact; and Mecklenburg Enterprises, Inc., Plaintiffs,

v.

DATA DYNAMICS, INC.; Alan P. Magerman; Scott I. Peek; Paul Faske; Wolf, Block, Schorr & Solis-Cohen; Stanton S. Oswald; Arthur Young & Co.; John Waterman; Phillip Purer; Winifred Purer; Linda Purer; Estate of Ronald Purer; Servamerica, Inc.; Leo A. Brinkley, Jr.; John B. Monsky; Allen Z. Wolfson; Berton Chase; Associates Commercial Corporation; Gulf & Western Industries, Inc.; Charles Bluhdorn; James L. Tonius; Blinder-Robinson Co., Inc.; Meyer Blinder; Abraham Salamen; and Kristina Douglass, Defendants.

No. C–C–82–591–M.

United States District Court, W.D. North Carolina, Charlotte Division.

April 15, 1983.

Robert G. Baker, pro se.

Clarence W. Walker, Joseph B.C. Kluttz and Myles E. Standish, Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., for Wolf, Block, Schorr and Solis-Cohen and Stanton S. Oswald.

James O. Cobb, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N.C., for Data Dynamics, Inc., Alan P. Magerman, Scott I. Peek, Paul Faske, and Kristina Douglass.

John Matson, New York City, Hugh B. Campbell, Jr. and E. Fitzgerald Parnell, III, Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, P.A., Charlotte, N.C., for Arthur Young & Co. and John Waterman.

R. Cartwright Carmichael, Jr., Wade & Carmichael, Charlotte, N.C., for Phillip Purer and Winifred Purer.

Linda Purer, Beverly Hills, Cal., Estate of Ronald Purer.

A. Ward McKeithen, Fleming, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., for ServAmerica, Inc., Leo A. Brinkley, Jr. and John B. Monsky.

Fred A. Hicks, Tucker, Hicks, Sentelle, Moon & Hodge, P.A., Charlotte, N.C., for Berton Chase.

Robert D. Dearborn and Randel E. Phillips, Moore, Van Allen & Allen, Charlotte, N.C., for Associates Commercial Corp., Gulf & Western Industries, Inc., Charles L. Bluhdorn and James L. Tonius.

C. Richard Rayburn, Jr., Charlotte, N.C., for Abraham Salaman.

David B. Hamilton, Farris, Mallard & Underwood, P.A., Charlotte, N.C., for Meyer Blinder and Blinder, Robinson & Co., Inc.

**McMILLAN, District Judge.**

Robert G. Baker brought this *pro se* suit on behalf of himself and Mecklenburg Enterprises, Inc. ("MEI") of which Baker is sole shareholder and president. Baker has also named himself as plaintiff as "attorney in fact" for Nick Popich, who is described in paragraph five of the complaint as the "owner of the [MEI] common stock," but who, according to Baker, actually has only a "residual interest" in the stock.

Although the allegations of the complaint are not at all clear, they appear to suggest the following facts and events:

In 1979, MEI participated in merger negotiations with Data Dynamics, Inc. ("DDI"). At that time, DDI was seeking to and eventually did acquire the American Electric Company ("AMEL"), a California, family-owned business. In order to purchase AMEL, DDI created a new subsidiary, DDI/AMEL, which obtained a loan from Associates Commercial Corp., a subsidiary of Gulf & Western Industries, Inc. As collateral for the loan, Baker, for reasons not alleged, allowed a deed of trust in favor of Associates to be placed on two pieces of commercial real estate owned by MEI in Charlotte. The merger never went through, DDI/AMEL went broke, and Associates foreclosed on the MEI property. Based on these alleged events, plaintiffs have sued twenty-five defendants for what boils down to common law fraud. (Several other claims are mentioned or suggested and will be discussed later.)

The defendants have filed numerous motions to dismiss and supporting affidavits. They raise eight grounds for dismissal common to them all and individually raise various additional grounds for dismissal. On March 16, 1983, these motions came on for hearing, with Mr. Baker appearing for plaintiffs and many members of the local bar appearing for defendants. Having carefully considered the file and the arguments of both sides, the court concludes that the action should be dismissed.

### 1. *Subject Matter Jurisdiction.*

Fed.R.Civ.P. 8(a)(1) expressly requires a plain statement of the grounds upon which the court's jurisdiction depends.

"The federal courts are courts of limited jurisdiction, and there is no presumption that they have subject-matter jurisdiction to adjudicate a particular case. Hence, the complaint in a federal court must demonstrate that a basis for federal jurisdiction exists." 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1206, p. 75 (1972). *See also Kirkland Masonry, Inc. v. C.I.R.,* 614 F.2d 532 (5th Cir.1980); *Bowman v. White,* 388 F.2d 756 (4th Cir.), *cert. denied* 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968).

The principal basis alleged in the complaint for the exercise by this court of subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. The record establishes, however, that diversity jurisdiction does not exist.

■ The complaint alleges that MEI is a North Carolina corporation [¶ 5(a)]; it thus is a citizen of North Carolina under 28 U.S.C. § 1332(c). The affidavit of Thomas S. Wallace establishes that the defendant Arthur Young & Co. is a partnership with four North Carolina partners. For diversity purposes, a partnership is a citizen of each state of which its partners are citizens. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Fifty Associates v. Prudential Insurance Co.,* 446 F.2d 1187 (9th Cir.1970). Complete diversity therefore does not exist, and 28 U.S.C. § 1332 cannot support the exercise by this court of subject matter jurisdiction. *See Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806); *Soderstrom v. Kungsholm Baking Co.,* 189 F.2d 1008, 1014 (7th Cir.1951).

The complaint further fails to establish diversity jurisdiction because it does not allege the state of incorporation and principal place of business of each corporate party, and alleges only the states of *residence* (not of citizenship) for the individual parties. For diversity purposes, a corporation is a citizen both of its state of incorporation *and* its principal place of business. 28 U.S.C. § 1332(c). As to individual parties, an allegation of residence is not sufficient to establish citizenship. *Congress of Racial Equality v. Clemmons,* 323 F.2d 54 (5th Cir.1963), *cert. denied,* 375 U.S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478 (1964); *see generally* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1208, p. 85 (1972).

■ The complaint alleges jurisdiction under 28 U.S.C. § 1471. There is no such jurisdiction. The jurisdiction created by § 1471 was jurisdiction in the bankruptcy court, rather than the district court, and covered only proceedings arising under the Federal Bankruptcy Code or arising in or related to cases under that Code. Moreover, § 1471 has been held unconstitutional in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ Finally, plaintiffs attempt to invoke the court's jurisdiction under 28 U.S.C. §§ 1331 and 1343. However, as will be discussed below, plaintiffs have failed to state a claim under the federal mail fraud and wire fraud statutes, federal securities laws or federal civil rights laws, all alluded to in passing in the complaint. Nor have plaintiffs stated any other claim for relief arising under the Constitution, laws or treaties of the United States. There is, then, no other basis for the exercise of subject matter jurisdiction by this court.

2. *Improper Parties, and Related Matters.*

■ Read liberally, the complaint may suggest that the corporate plaintiff, MEI, suffered injury as a result of the placing of a deed of trust on its property and foreclosure of that deed of trust. The complaint, however, fails to allege any actual injury to the individual plaintiff (or plaintiffs). Although the complaint alleges that Robert G. Baker and Nick Popich own MEI stock, under North Carolina law a stockholder may not maintain an action to redress a wrong done to the corporation. *Jordan v. Hartness,* 230 N.C. 718, 55 S.E.2d 484 (1949); *Howell v. Fisher,* 49 N.C.App. 488, 272 S.E.2d 19 (1980). This general rule does not apply where a stockholder alleges demand upon and refusal by the corporation

to institute the action. *See Jordan v. Hartness, supra.* Here the individual plaintiff(s) have not made the allegations necessary to sustain a derivative action. *Cf., Johnson v. Brandon,* 183 F.2d 444 (4th Cir.1950) (complaint, considered as a derivative action, properly dismissed for failure to comply with federal rule governing derivative suits). Indeed, given that MEI is a party to the complaint, its shareholders cannot possibly allege that the corporation has "failed to enforce a right which may properly be asserted by it." Fed.R.Civ.P. 23.1.

(Nick Popich is not presently a party to the suit and it does not appear from the complaint that he has any basis to join as a plaintiff in this action. The expression "Robert G. Baker as attorney in fact [for Nick Popich]" has no meaning to the court and will not be recognized as a listing of an additional party plaintiff. Even if there are two individual parties to the complaint, dismissal is proper as to both for the grounds just stated.)

■ The corporate plaintiff, MEI, also has a problem remaining in this suit. A corporation may not appear in a federal civil action *pro se,* but must be represented by a licensed attorney. *See, e.g., In re Victor Publishers, Inc.,* 545 F.2d 285 (1st Cir.1976) (and cases cited therein). No licensed attorney has filed an appearance on behalf of MEI; the corporation appears in this litigation only through its president, plaintiff Baker.

■ In addition, it appears from the record that plaintiff Baker is in personal bankruptcy in the United States Court for the District of Maryland, and that plaintiff MEI is in a Chapter 11 reorganization in the United States Bankruptcy Court for the Western District of North Carolina. Because any claims that either Baker or MEI may otherwise have had arising out of the facts alleged in the complaint are the property of the respective bankruptcy trustees, for the benefit of plaintiffs' creditors, Baker and MEI have no capacity to bring suit on the claims alleged.

■ Under Section 323 of the Bankruptcy Code, the trustee is the representative of the debtor's estate, with capacity to sue and to be sued. Section 541 of the Bankruptcy Code provides that the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This language (like similar language in the old Bankruptcy Act) has always been understood to include any rights of action of the debtor for breach of contract or tortious injury to business or property. *See generally* 4 Collier on Bankruptcy ¶ 541.10 (15th Ed.1982). Absent a clear manifestation by the trustee that he has abandoned the claim, or authorization from the Bankruptcy Court, the debtor may not bring suit on such claims. *Dallas Cabana, Inc. v. Hyatt Corp.,* 441 F.2d 865 (5th Cir.1971).

There is no evidence that the respective trustees have abandoned any claims to plaintiffs, and plaintiffs have shown no authorization to proceed on behalf of the debtor's estates. Plaintiffs therefore lack capacity to proceed on the claims asserted in the complaint.

3. *Failure to Plead Fraud with Particularity.*

The Supreme Court of North Carolina has stated clearly the elements of common fraud:

> To make out a case of actionable fraud, plaintiffs must show: (a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that defendant knew the representation was false when it was made or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that defendant made the false representation with the intention that it should be relied upon by plaintiffs; (e) that plaintiffs reasonably relied upon the representation and acted upon it; and (f) that plaintiffs suffered injury.

*Johnson v. Phoenix Mut. Life Ins. Co.,* 300 N.C. 247, 253, 266 S.E.2d 610, 615 (1980) (citations omitted).

■ Although, read together, the various counts of the complaint may state a claim for fraud in the vaguest and most general sense, the complaint fails in the following respects, among others, to allege fraud with particularity as required by Fed. R.Civ.P. 9(b): (1) it fails to identify specifically the content of alleged misrepresentations, *Stromfeld v. Great Atlantic & Pacific Tea Co.,* 484 F.Supp. 1264 (S.D.N.Y.), aff'd., 646 F.2d 563 (2d Cir.1980); *Elster v. Alexander,* 75 F.R.D. 458 (N.D.Ga.1977); (2) it fails specifically to identify the wrongful conduct of each defendant, *Berman v. Metzger* [1981 transfer binder], Fed.Sec.L.Rep. (CCH) ¶ 97,857 (D.D.C.1981); *Stromfeld v. Great Atlantic & Pacific Tea Co., supra;* and (3) it fails to allege the factual basis for allegations regarding defendants' knowledge of the falsity of representations, *Ross v. A.H. Robins, Co., Inc.,* 607 F.2d 545 (2d Cir.1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

#### 4. *Other Claims for Relief.*

Paragraph 2 of the complaint makes a vague reference to "violations of the Securities and Exchange Acts of 1933 and 1934." No other reference to the federal securities laws appears in the complaint. In any event, plaintiffs have failed to state a claim for relief under either the 1933 or the 1934 Act.

■ The only claim in the complaint that could fall within the ambit of the 1933 and the 1934 Acts is the claim for fraud. The only sections under which such a claim could be brought are § 17(a) of the 1933 Act and § 10(b) (and S.E.C. Rule 10b–5) of the 1934 Act. A plaintiff must be the purchaser or seller of a security to have standing to assert a claim for relief under § 10(b) of the 1934 Act, *Blue Chip Stamps v. Manor Drugstores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Gurley v. Documation, Inc.,* 674 F.2d 253 (4th Cir.1982), and a purchaser of a security to have standing under § 17(a) of the 1933 Act, *Kellman v. ICS, Inc.,* 447 F.2d 1305 (6th Cir.1971).

The complaint contains no allegation of any purchase or sale of any security, and, in fact, the complaint pointedly alleges in paragraphs 35.g. and 35.l. that the plaintiffs were never involved in the purchase or sale of any shares of stock in Data Dynamics, Inc. The complaint therefore fails to state a claim for relief under the Securities Act of 1933 or the Securities Exchange Act of 1934.

Paragraph 2 of the complaint also cites 42 U.S.C. § 1983, *et seq.,* and refers to "mail fraud" and "wire fraud." No other reference is made in the complaint to those causes of action. The failure to allege state action or action under color of law is a deficiency fatal to a claim for relief under 42 U.S.C. § 1983. *Johnson v. Mueller,* 415 F.2d 354 (4th Cir.1969). No private right of action exists for "mail fraud," *Bell v. Health-Mor, Inc.,* 549 F.2d 342 (5th Cir. 1977), or for wire fraud, *Napper v. Anderson, Henley, Shields, Bradford & Pritchard,* 500 F.2d 634 (5th Cir.1974), *cert. denied,* 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975). No other fact is alleged in the complaint that will support a cause of action cognizable by a federal court.

#### 5. *Individual Motions to Dismiss.*

Because the court intends to dismiss the action for the reasons already discussed, it is unnecessary to review in detail all of the individual motions to dismiss. Suffice it to say that the vast majority of the defendants are entitled to dismissal on grounds unrelated to those considered above.

(Just to cite one example, the following defendants have submitted uncontradicted affidavits in support of their claims that they do not have sufficient contacts with this jurisdiction to be amenable to suit here: Data Dynamics, Inc.; Alan Magerman; Scott Peek; Paul Faske; Kristina Douglass; Wolf, Block, Schorr & Solis-Cohen; Stanton Oswald; John Waterman; Phillip Purer; Winifred Purer; Berton Chase; Gulf & Western Industries, Inc.; Charles Bluhdorn; James Tonius; Meyer Blinder; and Blinder-Robinson Co., Inc. With the *possible* exception of DDI, Magerman, Peek, Wolf, *et al.,* Oswald, and Gulf & Western, these defendants are all entitled

to dismissal for lack of *in personam* jurisdiction.)

### 6. *Conclusion.*

If the complaint were defective in only one or two respects, the court might consider giving plaintiffs a chance to cure the problems by amending the complaint. However, there is nothing to be gained by anyone from that approach where, as here, none of the plaintiffs is properly before the court and the court lacks subject matter jurisdiction over the action as constituted and lacks personal jurisdiction over most of the defendants. In addition, plaintiffs have had notice of the defects in the complaint for some time and have done nothing about them.

IT IS THEREFORE ORDERED that this action be, and it is HEREBY DISMISSED as to all defendants.